UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM CARTER et al., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-852-TWP-TAB |
| | ) | |
| INDIANA STATE FAIR COMMISSION, | ) | |
|     Defendant. | ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFFS' AMENDED MOTION
FOR CONDITIONAL CERTIFICATION AND NOTICE OF COLLECTIVE ACTION**

**I.     Introduction**

This case involves allegations that the Indiana State Fair Commission violated the Fair Labor Standards Act by failing to pay its hourly security officers time and a half for overtime. Plaintiffs contend that other potential plaintiffs exist and request conditional certification of a collective action so that notice can be sent to putative plaintiffs. For the reasons below, the Magistrate Judge recommends that Plaintiffs' amended motion for conditional certification and notice of collective action [Docket No. 49] be granted in part and denied in part.

**II.     Discussion**

    *A.     Legal standard*

"The Fair Labor Standards Act, 20 U.S.C. § 201 *et. seq.*, requires employers to pay overtime of at least one and one-half times an employee's regular rate of pay." *Fravel v. Cnty. of Lake*, No. 2:07-CV-253, 2008 WL 2704744, at *2 (N.D. Ind. July 7, 2008) (citing 29 U.S.C. § 207(a)(1)). In a collective action under the FLSA, a named plaintiff sues on behalf of himself and other similarly situated employees. *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101

(7th Cir. 2004). "The main difference between a class action suit under Federal Rule of Civil Procedure 23 and a collective action under the FLSA is that a collective action is comprised of 'opt-in' plaintiffs as opposed to the 'opt-out' plaintiffs of a class action." *Fravel*, 2008 WL 2704744, at *2. Putative plaintiffs opt in by giving their consent in writing, which is filed with the Court. 29 U.S.C. § 216(b).

Whether to authorize notice to putative plaintiffs is within the discretion of the Court. *Biddings v. Lake Cnty.*, No. 2:09-CV-38-PRC, 2009 WL 2175584, at *3 (N.D. Ind. July 15, 2009). "FLSA neither defines the term 'similarly situated' nor instructs courts when to exercise their discretion and authorize notice to potential plaintiffs." *Id.* Nevertheless, the district courts within the Seventh Circuit have adopted a two-step approach. *Id.* The first step requires plaintiffs to "make a modest factual showing at the outset of the case that they and the other employees were victims of a common policy or plan that violated the law."[1] *Powers v. Centennial Comm'n Corp.*, 679 F. Supp. 2d 918, 921 (N.D. Ind. 2009); *Biddings*, 2009 WL 2175584, at *2. "The 'modest factual showing' requirement requires plaintiffs to 'demonstrate a factual nexus that binds potential members of a collective action together.'" *Biddings*, 2009 WL 2175584, at *3. Plaintiffs need not provide conclusive support at this initial stage, but mere allegations in the complaint do not suffice to demonstrate a modest showing. *Id.* Unless the defendant admits similarly situated employees exist, plaintiffs must provide an affidavit, declaration, or other support beyond the allegations to make a modest showing that other

---

[1] Some courts have imposed an intermediate level of scrutiny at the conditional certification stage when the parties have conducted substantial discovery. *See, e.g.*, *Scott v. NOW Courier, Inc.*, No. 1:10-CV-971-SEB-TAB, 2012 WL 1072751, at *7 (S.D. Ind. Mar. 29, 2012). Substantial discovery has not been conducted in this case.

similarly situated employees exist. *Swarthout v. Ryla Teleservices, Inc.*, No. 4:11-CV-21-RM, 2012 WL 6152347, at *3 (N.D. Ind. Dec. 12, 2011); *Powers*, 679 F. Supp. 2d at 921; *Biddings*, 2009 WL 2175584, at *3.

Once a modest showing has been made, notice and an opportunity to opt in can be sent to similarly situated employees. *Biddings*, 2009 WL 2175584, at *3. "The action then proceeds through discovery as a representative or collective action." *Id.* At the close of discovery, defendant can move to dismiss the opt in plaintiffs and decertify the class in light of the record developed during discovery. *Id.* At step two, the Court decides whether the matter should proceed to trial as a collective action and considers "(1) whether the plaintiffs share similar or disparate employment settings; (2) whether affirmative defenses raised by the defendant would have to be individually applied to each plaintiff; and (3) any fairness and procedural concerns." *Phelps v. Parsons Technical Support, Inc.*, No. 2:09-0327-JMS-WGH, 2010 WL 4386918, at *5 (S.D. Ind. Oct. 29, 2010); *North v. Bd. of Trs. of Ill. State Univ.*, 676 F. Supp. 2d 690, 696 n.9 (C.D. Ill. 2009).

  B. *Admissibility*

Defendant argues that Plaintiffs' affidavits include inadmissible hearsay and are not based on personal knowledge. [Docket No. 61 at 7.] Within the Seventh Circuit, courts are split as to whether inadmissible evidence may be considered at the conditional certification stage. *Wiyakaska v. Ross Gage, Inc.*, No. 1:10-CV-1664-LJM-DKL, 2011 WL 4537010, at *3 (S.D. Ind. Sept. 28, 2011) (discussing the split); *Biddings*, 2009 WL 2175584, at *3 (same); *Howard v. Securitas Sec. Servs.,USA Inc.*, No. 08-C-2746, 2009 WL 140126, at *3 (N.D. Ill. Jan. 20, 2009) (same). While some courts strike inadmissible affidavits, the majority of cases in this district

3

consider inadmissible evidence but factor the inadmissible "nature of the statements into the overall calculus in determining whether a plaintiff produced sufficient evidence to warrant collective action certification."  *Wiyakaska*, 2011 WL 4537010, at *3 (citing *Campbell v. Advantage Sales & Mktg.*, No. 09–CV–1430, 2010 WL 3326752, at *3 (S.D. Ind. Aug. 24, 2010); *Mares v. Caesars Entm't, Inc.*, No. 06–CV–0060, 2007 WL 118877, at *3 (S.D. Ind. Jan. 10, 2007); *Coan v. Nightingale Home Healthcare, Inc.*, No. 05–CV–101, 2005 WL 1799454, at *1 n.1 (S.D. Ind. June 29, 2005)).

*Mares* is particularly helpful in analyzing Defendant's objection.  In *Mares*, the defendant objected to Mares's affidavit, which asserted that "based upon conversations with others" similar policies and practices were in effect at defendant's other facilities.  2007 WL 118877, at *3.  The Court explained that:

> Courts have required plaintiffs to offer admissible evidence to support their claims that those they wish to represent are similarly situated. Unsupported allegations are insufficient to establish that the putative plaintiffs are similarly situated.
> Mr. Mares's understanding based on alleged conversations with unidentified persons is insufficient to establish personal knowledge as to the policies and practices in effect at Caesars-owned facilities other than the one at which he has worked. Neither the mere existence of the Nevada lawsuit nor its settlement sufficiently substantiates the allegations against each Defendant or as to a "company-wide" practice. Not every suit is meritorious and a lawsuit may be settled for any number of reasons not all of which necessarily include admission of liability on the part of the defendant.

*Mares*, 2007 WL 118877, at *3 (internal citations omitted).  While *Mares* found that unsupported or inadmissible allegations are insufficient to make a modest showing that a company-wide policy existed, the court did not strike the inadmissible statements but considered them in conjunction with other evidence before the court, namely the Nevada settlement agreement.  Thus, inadmissible statements should be considered in the "overall calculus in determining whether a plaintiff produced sufficient evidence to warrant collective action

4

certification." *Wiyakaska*, 2011 WL 4537010, at *3; *see also Campbell*, 2010 WL 3326752, at *3 ("[R]ather than striking the statements [in *Mares*], then District Judge Tinder factored the hearsay nature of the statements into the overall calculus to determine whether the plaintiff had produced sufficient evidence to warrant collective action certification.").

Similar to *Mares*, Plaintiffs here offer vague assertions to establish that similarly situated employees were subject to a common scheme or practice. Plaintiff Mark Shilling's affidavit states that he "was informed by the ISFC that it did not have to pay me and my fellow security officers overtime premiums because it was exempt under federal law." [Docket No. 49, Ex. A at 1.] Many of the allegations in Shilling's affidavit are also based upon his "understanding." [*Id.*] Plaintiff William Carter similarly asserts that he "was informed by the ISFC that it did not have to pay me and my co-workers overtime premiums because it was exempt under federal law." [Docket No. 49, Ex. B at 1.] These statements are nearly identical to the inadmissible conversations in *Mares* with unidentified persons. However, unlike *Mares*, Plaintiffs submitted paystubs to substantiate the allegations in the affidavits. [Docket No. 62, Ex. 2.] These paystubs reflect that Shilling and other hourly employees at the ISFC were not paid time and a half for overtime. [*Id.*] Accordingly, the inadmissible statements contained in Plaintiffs' affidavits should be considered in the overall calculus of whether Plaintiffs can make a modest showing.[2]

---

[2]This conclusion would not prevent Defendant from challenging the admissibility of the affidavits during stage two, where a higher standard is applied. *See Campbell*, 2010 WL 3326752, at *3 ("Going forward, Defendant can still challenge the statements contained in the affidavits, should the need arise."); *Howard*, 2009 WL 140126, at *3 (asserting that plaintiffs do not have the benefit of discovery during the initial stage and thus the standards are more lenient).

### C. *Similarly situated victims*

This case is at the initial stage where Plaintiffs only need to make a modest showing. Considering the complaint, affidavits, and paystubs, the Magistrate Judge finds that Plaintiffs have made a modest showing that hourly security officers are similarly situated victims of a common policy in violation of FLSA. While Plaintiffs' affidavits alone are not particularly persuasive given the lack of detail, the paystubs substantiate the allegations in the affidavit and reflect that Shilling and numerous other hourly employees at the ISFC worked overtime hours and were not paid time and a half. [*See* Docket No. 62, Ex. 2.] Defendant claims that "there is zero information that establishes that named Plaintiffs and these individuals were subject to a common plan or policy." [Docket No. 68 at 5.] Plaintiffs, however, need not "establish" anything at this initial stage and only need make a modest showing. The paystubs satisfy this lenient standard because they reflect that numerous hourly employees were not paid time and a half despite working over forty hours per week. [*See* Docket No. 62, Ex. 2.]

Plaintiffs' proposed class, nonetheless, is overbroad and includes ISFC employees that Plaintiffs fail to modestly show are similarly situated. Plaintiffs propose the following class:

> All present and former hourly and salary non-exempt workers, including security officers, compensated by the Indiana State Fair Commission that have worked over 40 hours in a workweek since January 1, 2009.

[Docket No. 49 at 1.] According to the amended complaint and affidavits, the factual allegations in this case are limited to hourly security officers. [Docket No. 32 at 3; Docket No. 49, Exs. A–B.] However, Plaintiffs' proposed class seeks to include all hourly and salaried workers. While the paystubs reflect that numerous hourly employees did not receive time and a half for

overtime, Plaintiffs' allegations limit the proposed class to hourly security officers.[3] Moreover, neither the affidavits nor paystubs reflect that salaried employees were inappropriately denied overtime. Therefore, Plaintiffs' proposed class should be limited to all present and former hourly security officers that were compensated by the ISFC and who worked over 40 hours in a workweek since January 1, 2009. *See Phelps v. Parsons Technical Support, Inc.*, No. 2:09-0327-JMS-WGH, 2010 WL 4386918, at *5 (S.D. Ind. Oct. 29, 2010) (concluding that plaintiffs, who were maintenance technicians, did not make a modest showing for the entire proposed class, which included operators/operations technicians, instrument and control technicians, and other "similarly-situated hourly-paid-employees.").

    *D.     Independent contractors*

Defendant argues that Plaintiffs "attempt to sweep in security officers that are independent contractors under a 'joint employment' theory." [Docket No. 61 at 9.] Defendant further argues that an economic realities test should be applied to determine putative class members and that fact-intensive inquires into an employment relationship render a collective action inappropriate. [*Id.* at 10.] Defendant's arguments, however, are premature and should be considered at step two where the Court decides "whether the plaintiffs share similar or disparate employment settings . . . ." *See North v. Bd. of Trs. of Ill. State Univ.*, 676 F. Supp. 2d 690, 696

---

[3]"Security officers" include security guards and security managers; Plaintiffs allege that Shilling was a security guard and Carter was a security manager and Shilling's supervisor. [Docket No. 49, Exs. A–B.] While there appears to be two different types of security officers involved, these hourly employees are sufficiently similar to proceed to the notice stage, but the difference in the types of security officers may present a problem for Plaintiffs at the second stage of certification. *See, e.g.*, *Alvarez v. City of Chi.*, 605 F.3d 445, 449 (7th Cir. 2010) (discussing homogeneous and heterogeneous claims and stating that "[i]f common questions predominate, the plaintiffs may be similarly situated even though the recovery of any given plaintiff may be determined by only a subset of those common questions.").

n.9 (C.D. Ill. 2009); *see also Austin v. CUNA Mutual Ins. Society*, 232 F.R.D. 601, 606 (W.D. Wis. 2006) ("[T]he possibility of a fact-intensive inquiry into whether all members of the putative opt-in are in fact similarly-situated does not preclude authorizing notice, although the need for such an analysis might weigh against or defeat certification of an actual class (or influence the form of any eventual certified class) at the second stage."). The discussion of the economic realities test and employees' relationships in the cases cited by Defendant also takes place during stage two. *See Fedex Ground Package Sys., Inc., Emp't Practices Litig.*, 662 F. Supp. 2d 1069, 1083 (N.D. Ind. 2009); *Reich v. Homier Distrib. Co.*, 362 F. Supp. 2d 1009, 1013–14 (N.D. Ind. 2005). Accordingly, the Magistrate Judge does not address this issue at this time, although Defendant may raise the issue as necessary during the second stage.

### E. *Affirmative defenses*

Defendant also argues that conditional certification should be denied because the representative Plaintiffs' claims are barred due to the executive and administrative statutory exemptions, seasonal amusement or recreational establishment, and the Eleventh Amendment. [Docket No. 61 at 13–14.] The Magistrate Judge also finds these arguments premature and declines to address them at this time. Generally, affirmative defenses are raised during stage two. *See Phelps*, 2010 WL 4386918, at *5; *Ill. State Univ.*, 676 F. Supp. 2d at 696 n.9. Courts sometimes consider affirmative defenses during the first stage, but only when the law is "overwhelmingly obvious." *See Thompson v. K.R. Drenth Trucking, Inc.*, No. 1:10-CV-135-TWP-DKL, 2011 WL 2446282, at *2 (S.D. Ind. June 15, 2011). Defendant, however, has not provided the Court with an obvious basis to depart from the normal procedural posture of certification. On the contrary, Defendant's argument is merely a conclusory assertion and is

undeveloped. *See Roe-Midgett v. CC Servs., Inc.*, 512 F.3d 865, 876 (7th Cir. 2008) (stating that undeveloped arguments result in waiver). Moreover, the Eleventh Amendment challenge has been raised by Defendant in its summary judgment motion [Docket No. 79], so the Court can address the argument in that context. Thus, the Magistrate Judge does not address the affirmative defenses at this time. Defendant may raise these issues as necessary during the second stage.

### F. *Adequacy of counsel*

Defendant asserts that Plaintiffs' counsel cannot adequately and fairly represent the proposed class. [Docket No. 61 at 10.] Adequacy of class counsel is generally considered at stage two of certification when the Court addresses fairness and procedural concerns. *See Phelps*, 2010 WL 4386918, at *5; *Ill. State Univ.*, 676 F. Supp. 2d at 696 n.9. While the Court may consider adequacy of class counsel at the initial stage, courts do so in limited circumstances and when it is apparent that delaying the analysis would result in a waste of time and resources for the Court and litigants. Defendant's citation to case law holding that Plaintiffs' counsel was inadequate class counsel in an ERISA case is significant [Docket No. 61 at 10], but not conclusive on the issue. [*See* Docket No. 62 at 14 (citing *Wiyakaska*, 2011 WL 4537010, at *4).] Also significant is that Plaintiffs' counsel's performance in other cases with this Magistrate Judge has, at times, fallen below the level of professional advocacy that is expected of attorneys—particularly those holding themselves out as worthy class counsel. However, Defendant has not offered any examples of misconduct by Plaintiffs' counsel in an FLSA case or in this case that calls for the Court to prematurely consider the adequacy of counsel. Therefore, the Magistrate Judge does not address the issue at this time. Defendant may raise this issue as

9

necessary during the second stage.

### G. Putative plaintiffs' information

Plaintiffs request that Defendant "submit to Plaintiffs electronically with [sic] 30 days of the Court's Order certifying this action the following information: the names, addresses, telephone numbers, dates of employment, location of employment, and dates of birth of all potential plaintiffs." [Docket No. 50 at 7.] Defendant objects to the "format of disclosure to the extent it is inconsistent with the Parties' agreed Case Management Plan approved by this Court." [Docket No. 61 at 14.] Defendant also objects to Plaintiffs seeking "sensitive information" such as birth dates and phone numbers. [*Id.* (citing *Calderon v. Geico*, No. RWT 10-CV-1958, 2011 WL 98197, at *9 (D. Md. Jan. 12, 2011); *Kelly & Clark v. BlueGreen Corp.*, 256 F.R.D. 626, 632 (W.D. Wis. 2009)).]

In *Calderon*, the court did not permit "sensitive personal information concerning employees' social security numbers, phone numbers or dates of birth" to be revealed since plaintiffs did not make a showing of a "special need for disclosure of class members' telephone numbers . . . ." 2011 WL 98197, at *9. In *BlueGreen*, the court also did not permit the disclosure of birth dates, social security numbers, or telephone numbers because the court concluded that such information is not necessary to notify class members. 256 F.R.D. at 632. However, the court noted that "[i]f plaintiffs encounter difficulties providing notice to potential class members because they do not have sufficient information to find them, they may request the more personal information at that time." *Id.*; *see also Andrade v. Aeroteck, Inc.*, No. CCB-08-2668, 2009 WL 2757099, at *1 n.1 (D. Md. Aug. 29, 2009) (discussing cases precluding the disclosure of telephone numbers and birth dates and suggesting that such information is

10

unnecessary unless mailed notice is returned as undeliverable).

Plaintiffs assert that telephone numbers and birth dates are commonly provided to plaintiffs in this district. [Docket No. 62 at 15 (citing *Wiyakaska*, 2011 WL 4537010, at *5; *Thompson*, 2011 WL 2446282, at *5).] Plaintiffs are correct to some extent, but in the cases Plaintiffs cite the defendants did not object to the disclosure of telephone numbers and birth dates. In light of Defendant's objection, the Magistrate Judge finds the reasoning in *Calderon* and *BlueGreen* applicable. In the event that telephone numbers and birth dates become necessary to locate putative plaintiffs, Plaintiffs may request that additional information. But Plaintiffs' assertion that it may be difficult to locate putative plaintiffs without such information is speculative and insufficient at this time to require telephone number and birth date disclosures. *See Andrade*, 2009 WL 2757099, at *1 n.1 (explaining that although plaintiffs were recent college graduates and likely to have moved, plaintiffs must first attempt to mail notice before seeking telephone numbers). Accordingly, the Magistrate Judge recommends that Defendant not be required to provide telephone numbers and birth dates to Plaintiffs at this time.

### III.     Conclusion

For the reasons above, the Magistrate Judge recommends that Plaintiffs' amended motion for conditional certification and notice of collective action [Docket No. 49] be granted in part and denied in part. Plaintiffs' motion should be granted to the extent Plaintiffs seek conditional certification of a class consisting of all present and former hourly security officers that were compensated by the ISFC and who worked over 40 hours in a workweek since January 1, 2009. Plaintiffs' motion should be denied to the extent Plaintiffs seek conditional certification of a broader class. Plaintiffs' request for information from the Defendant should be narrowed to

exclude birth dates and telephone numbers unless Plaintiffs can sufficiently demonstrate this information is required to locate certain putative plaintiffs.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.  Plaintiffs shall file their proposed notice within 14 days of adoption of this Report and Recommendation.

Dated:   07/17/2012

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Patricia Orloff Erdmann
INDIANA OFFICE OF THE ATTORNEY GENERAL
Patricia.Erdmann@atg.in.gov

Edward F. Harney Jr.
HUME SMITH GEDDES GREEN & SIMMONS
eharney@humesmith.com

Don R. Hostetler
OFFICE OF THE ATTORNEY GENERAL
donald.hostetler@atg.in.gov

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com