UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM CARTER and MARK SHILLING on Behalf of Themselves and All Others Similarly Situated, Plaintiffs, | ) ) ) ) ) | |
| vs. | ) ) | 1:11-cv-0852-TWP-TAB |
| INDIANA STATE FAIR COMMISSION, Defendant. | ) ) ) | |

**ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiffs move for leave to file a second amended complaint [Docket No. 83], which seeks to include an alternative basis of overtime liability pursuant to Indiana's Minimum Wage Act. Defendant objects, arguing that the proposed amendment is untimely and futile. For the reasons below, Defendant's objection is overruled.

Federal Rule of Civil Procedure 15(a)(2) provides that when a party can no longer amend its complaint as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave." This rule reflects a liberal attitude toward amendments, and a court should freely grant leave when justice requires. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). "Reasons for finding that leave should not be granted include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 822 (7th Cir. 2011).

Defendant argues that Plaintiffs' motion for leave to amend was filed six months past the deadline to amend pleadings. Defendant correctly notes that Plaintiffs' motion is untimely, and Plaintiffs incorrectly contend that Defendant has not conducted any discovery. [Docket No. 83 at 3.] As Defendant points out, it has conducted some discovery. [*See* Docket No. 89.] Despite Plaintiffs' misguided argument, there is minimal, if any, prejudice to Defendant because the state wage claim mirrors the existing federal wage claim. Additionally, no trial date is set and although Defendant has moved for summary judgment, the motion is limited to an Eleventh Amendment argument. Since amendments should freely be granted and there is minimal, if any, prejudice to Defendant, the six-month delay should not prevent Plaintiffs from amending the complaint.

Defendant also argues that the amendment is futile because the state wage claim is barred by the Eleventh Amendment. While futility is a basis for rejecting an amendment, the Court will not address the Eleventh Amendment argument at this time. As noted, Defendant moved for summary judgment on Eleventh Amendment grounds and the parties have substantially briefed the issues. The resolution of the Eleventh Amendment challenge is therefore best left for the Court to address in the context of summary judgment. Moreover, if the Court upholds the Eleventh Amendment challenge, the claims would be dismissed but could still be litigated in state court. Thus, Defendant's Eleventh Amendment argument should not prevent Plaintiffs from amending the complaint.

Accordingly, Defendant's objection is overruled.  Plaintiffs' motion for leave to file a second amended complaint [Docket No. 83] is granted and deemed filed as of July 16, 2012, the date of Plaintiffs' motion for leave.

Dated:   09/21/2012

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Patricia Orloff Erdmann
INDIANA OFFICE OF THE ATTORNEY GENERAL
Patricia.Erdmann@atg.in.gov

Edward F. Harney Jr.
HUME SMITH GEDDES GREEN & SIMMONS
eharney@humesmith.com

Don R. Hostetler
OFFICE OF THE ATTORNEY GENERAL
donald.hostetler@atg.in.gov

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com