UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM  CARTER, | ) | |
| MARK  SHILLING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:11-cv-00852-TWP-TAB |
| vs. | ) | |
| | ) | |
| INDIANA STATE FAIR COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

This matter is before the Court on the Plaintiffs William Carter's and Mark Shilling's Amended Motion to Certify Class (Dkt. 49).  Magistrate Judge Baker entered his Report and Recommendations on July 17, 2012 (Dkt. 84) and Plaintiffs timely objected (Dkt. 94).  The Plaintiffs filed suit against Defendants Indiana State Fair Commission ("ISFC") alleging violations of the Fair Labor Standards Act ("FLSA" or "the Act"); specifically that they, and others, were not paid for overtime as required under the Act.  In addition, Plaintiffs moved to certify a collective action under the FLSA.  Having reviewed the Magistrate Judge's Report and Recommendations, the Court adopts the Magistrate Judge's Report and Recommendations, with one modification as noted below.  Therefore, the Plaintiffs' amended motion is **GRANTED in part** and **DENIED in part.**

## I.  BACKGROUND

The ISFC is tasked with maintaining, developing, and administering the state fairgrounds for the benefit of Indiana citizens.  Mr. Carter began working for ISFC in 1995 and most recently held the position of security manager.  Mr. Carter was an hourly employee and alleges that he

worked over forty hours per week without overtime pay since August 1, 2009.  Mr. Carter was informed he was not entitled to overtime because the ISFC was exempt under federal law.  As part of his responsibilities as security manager for the 2009 and 2010 Indiana State Fairs, Mr. Carter organized payroll for security officers employed by ISFC.  The security officers turned hours into Mr. Carter, who then organized the hours and submitted them for approval.  Mr. Carter alleges that during 2009 and 2010 the security officers working the Indiana State Fair were not paid any overtime premiums.  Mr. Shilling began working as a security officer for ISFC in 2002 and he was an hourly employee.  Mr. Shilling worked more than forty hours per week without overtime pay beginning January 1, 2009.  Mr. Shilling was informed he was not entitled to overtime because the ISFC was exempt under federal law.

Mr. Carter and Mr. Shilling allege that the ISFC violated the FLSA by failing to pay its hourly security officers and employees time and a half for overtime hours.  Plaintiffs contend that other potential plaintiffs exist and requested conditional certification of a collective action so that notice can be sent to putative plaintiffs.  Magistrate Judge Baker granted in part and denied in part Plaintiffs' motion.  Plaintiffs requested reconsideration, after which Magistrate Judge Baker entered further findings.  Plaintiffs timely objected.

## II.  LEGAL STANDARD

### A.  De Novo Review of a Magistrate Judge's Report and Recommendation

As an initial matter, a district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact.  *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  "The magistrate judge's recommendation on a dispositive matter is not a final order, and

the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* In contrast, a magistrate judge possesses authority to enter orders involving nondispositive motions, which the district judge reviews under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

## B.  Fair Labor Standards Act Standard of Review

The FLSA states, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The FLSA also provides for a collective action, in which a plaintiff sues on behalf of himself and other employees similarly situated. *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004). "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). In other words, in a FLSA collective action, putative plaintiffs must "opt-in" to the lawsuit by consenting in writing to the court.

Whether to authorize notice to putative plaintiffs is within the discretion of the court. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The FLSA "neither defines the

term 'similarly situated' nor instructs courts to exercise their discretion and authorize notice to potential plaintiffs." *Biddings v. Lake Cnty.*, No. 2:09-CV-38-PRC, 2009 WL 2175584, at *2 (N.D. Ind. July 15, 2009). In this district, courts apply a two-step approach. Under the first step, plaintiffs must make a "modest factual showing that he and other employees to whom notice is to be sent were victims of a common policy or plan that violated the law." *Id.* "The 'modest factual showing' requirement requires plaintiffs to demonstrate a factual nexus that binds potential members of a collective action together." *Id.* at *3 (internal quotation marks omitted). Plaintiffs must provide an affidavit, declaration, or other support beyond the allegations to make a modest showing.

If the showing is made, then opt-in notices may be sent to putative plaintiffs. Then, the action proceeds through discovery as a collective action. At the close of discovery, defendants may "move to dismiss the opt-in plaintiffs in light of the record developed during discovery." *Id.* At this second step, the court must determine "(1) whether the plaintiffs share similar or disparate employment settings; (2) whether affirmative defenses raised by the defendant would have to be individually applied to each plaintiff; and (3) any fairness and procedural concerns." *Phelps v. Parsons Technical Support, Inc.*, No. 2:09-0327-JMS-WGH, 2010 WL 4386918, at *5 (S.D. Ind. Oct. 29, 2010).

### III. DISCUSSION

Plaintiffs object to several of Magistrate Judge Baker's conclusions of fact and law, which the Court will review de novo and address below.

### A. Whether the Factual Allegations and Evidence Limit the Proposed Class to Hourly Security Officers

As an initial matter, the Court notes Magistrate Judge Baker's thoroughness in addressing the applicable standard to the affidavits and evidence before the Court. The Court agrees that

"inadmissible statements should be considered in the overall calculus in determining whether a plaintiff produced sufficient evidence to warrant collective action certification." Dkt. 84 at 5 (internal quotation marks omitted). Magistrate Judge Baker concluded that in this case, Plaintiffs offer vague assertions in their affidavits to establish that similarly situated employees were subject to a common scheme or practice. Although Magistrate Judge Baker concluded there were inadmissible statements within the affidavits, he still considered them as part of the overall calculus. The Court agrees with Magistrate Baker's analysis in this regard.

Plaintiffs object to Magistrate Judge Baker's finding that the factual allegations and evidence in this case are limited to hourly security officers. First, they argue that the factual allegations include all hourly employees and that Mr. Carter's affidavit "has nothing to do with the security officers like Mr. Shilling who the ISFC contends is not an employee and is an independent contractor." Dkt. 94 at 14. Second, Plaintiffs argue that Mr. Carter's affidavit references "coworkers," who are "fellow hourly employees" and that any failure to discuss hourly employees in Mr. Carter's second affidavit was because Plaintiffs did not deem that evidence necessary. Dkt. 94 at 14 n.2, 16. Third, Plaintiffs argue the submitted pay stubs never reference security officers, so are sufficient evidence of similarly situated hourly employees.

First, the Court finds that Magistrate Judge Baker properly concluded the factual allegations found in the amended complaint only address Mr. Carter and Mr. Shilling who were both *security officers*.[1] Second, Magistrate Judge Baker was also correct to note that Mr. Carter's reference to "coworkers" in his first affidavit was ambiguous, and the ambiguity was resolved by Mr. Carter's second affidavit that addressed only security officers. Third, the Court finds that Magistrate Judge Baker properly found that the pay stubs do not support a modest

---

[1] The Court notes that there is a possible debate over the type of employees Mr. Carter and Mr. Shilling were, despite both being security officers. However, as Magistrate Judge Baker noted in his Report, this is not an issue that matters at this stage though it may be a problem for Plaintiffs at the second stage. *See* Dkt. 84 at 7 n.3.

showing for all hourly employees.  Specifically he stated, "when considering the paystubs in conjunction with the affidavits, there is no basis to conclude that those paystubs belong to hourly employees other than security officers since the allegations in the affidavits are limited to hourly security officers."  Dkt. 92 at 6.  Contrary to Plaintiff's contention otherwise, the pay stubs, which do not identify whether the person paid was an hourly security officer or other type of hourly employee, do not—on their own—support a modest showing for all hourly employees. Stated differently, the Court agrees with the ISFC, which argued:  "Plaintiffs fail to provide any information as to employment status, job classification, duties and responsibilities and other factors necessary to establish that these individuals are similarly situated to Carter and Shilling and to each other."  Dkt. 97 at 3.  Magistrate Judge Baker did not err, and the Court rejects Plaintiff's objections.

**B.  Whether Plaintiffs Can Alter Their Class Description in a Motion for Certification**

In its motion to certify the collective action, Plaintiffs described the class as "[a]ll present and former hourly and salary non-exempt workers, including security officers, compensated by the Indiana State Fair Commission that have worked over 40 hours in a workweek since January 1, 2009."  Magistrate Judge Baker found that the proper class description was found in the amended complaint and that Plaintiffs could not alter their class description without seeking leave to amend the amended complaint.  *See Phelps*, 2010 WL 4386918, at *5 (holding that plaintiffs could not broaden the proposed class definition through their motion to certify). Plaintiffs argue that because the altered class description does not broaden the class, but narrows it, they need not seek to amend the complaint.

The Court disagrees with Plaintiffs that they have narrowed their class, but agrees that the class definition needs to be altered to recognize the dismissal of Defendant Protection Plus.

Moreover, in the Court's view, the alteration does not change the essential scope of the class as stated in the amended complaint.  Therefore, to save the parties' and Court's time and resources, the Court will allow Plaintiffs to alter their class definition at this stage.

**C.  Whether a Modest Showing Was Made**

The Court agrees with Magistrate Judge Baker's conclusion that Plaintiffs have made a modest showing regarding similarly situated hourly security officers.  The affidavits and pay stubs, taken together, meet the low bar at this stage.  Contrary to Plaintiff's objections, it was not erroneous for Magistrate Judge Baker to find that Plaintiff's allegations and affidavits only concerned security officers.  The Court finds that Magistrate Judge Baker's Report and Recommendations are correct, and save for Section B which modifies the Report, the Court adopts the Report and Recommendations.

**IV. ADOPTION AND CONCLUSION**

The Magistrate Judge submitted his Report and Recommendation on Plaintiffs' motion for conditional certification and notice of collective action.  Parties were afforded due opportunity pursuant to statute and the rules of this Court to file objections.  The District Judge, having considered the Magistrate Judge's Report and Recommendation and all objections, approves and adopts the Magistrate Judge's Report and Recommendation with one exception; the Court will allow Plaintiffs to alter their class definition at this stage to recognize the dismissal of Defendant Protection Plus. Accordingly, Plaintiffs' amended motion for conditional certification and notice of collective action [Docket No. 49] is **GRANTED** in part and **DENIED** in part.

Plaintiffs' motion is granted to the extent Plaintiffs seek conditional certification of a class consisting of all present and former hourly security officers that were compensated by the

ISFC and who worked over 40 hours in a workweek since January 1, 2009.  Plaintiffs' motion is denied to the extent Plaintiffs seek conditional certification of a broader class.  Plaintiffs' request for information from the Defendant is narrowed to exclude birth dates and telephone numbers unless Plaintiffs can sufficiently demonstrate this information is required to locate certain putative plaintiffs.  Consistent with the Report and Recommendation, Plaintiffs shall file their proposed notice within 14 days.

SO ORDERED.

Date: 09/28/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Edward F. Harney, Jr.
HUME SMITH GEDDES GREEN & SIMMONS
eharney@humesmith.com

Patricia Orloff Erdmann
INDIANA OFFICE OF THE ATTORNEY GENERAL
Patricia.Erdmann@atg.in.gov

Don R. Hostetler
OFFICE OF THE ATTORNEY GENERAL
donald.hostetler@atg.in.gov

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com