UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM CARTER and )<br>MARK SHILLING, on Behalf of Themselves )<br>and All Others Similarly Situated )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>INDIANA STATE FAIR COMMISSION, )<br>)<br>Defendant. | Case No. 1:11-cv-00852-TWP-TAB |

### ORDER ON MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiffs' motion for reconsideration of the Court's denial of Plaintiffs' second motion to amend the Complaint (Dkt. 120). Plaintiffs allege that the Court erred when it reversed the Magistrate Judge's ruling granting amendment, and when the Court found such amendment would be futile. For the reasons set forth below, Plaintiffs' motion is **DENIED.**

Federal Rule of Civil Procedure 59(e) governs motions for reconsideration. Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Specifically, a motion to reconsider is appropriate when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A party seeking reconsideration cannot rehash previously rejected arguments or argue matters that could have been heard during the pendency of the previous motion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Plaintiffs argue the Court misapplied Seventh Circuit precedent by concluding that a claim barred by a lack of subject matter jurisdiction is futile for purposes of amending a complaint under Federal Rule of Civil Procedure 15. In response, Defendant cites *Moore v. State of Ind. Dep't of Corrections*, 999 F.2d 1125 (7th Cir. 1993). In that case, the Seventh Circuit held that an amendment adding damages claims against state officials was futile because the Eleventh Amendment barred the claims. *Id.* at 1131. Although Plaintiffs cite several cases in which the Seventh Circuit looked at the merits of each case in determining futility, they do not cite any case that directly supports their position, i.e., that subject matter jurisdiction is not a consideration in a futility analysis.

Plaintiffs have not challenged the Court's entry of summary judgment against Plaintiffs' Fair Labor Standards Act ("FLSA") federal claim on Eleventh Amendment grounds. To the contrary, Plaintiffs have conceded that this Court has no subject matter jurisdiction to consider a state law claim under Indiana's Minimum Wage Act against the ISFC. (Dkt. 90 at 2). In *Moore*, the Seventh Circuit unequivocally held that claims barred by the Eleventh Amendment should not be permitted under Federal Rule 15 because such claims are futile. Given the holding in *Moore*, the Court cannot find that its prior ruling was in error. *See generally Murray v. Nationwide Better Health*, No. 10-CV-3262, 2012 WL 112577, at *4 (C.D. Ill. Jan. 12, 2012) (finding proposed amended complaint was futile when court lacked subject matter jurisdiction); *Murphy v. Vill. of Hoffman Estates*, 959 F. Supp. 901, 904 (N.D. Ill. 1997) (noting that if a proposed claim "would not withstand a motion to dismiss on lack of subject matter jurisdiction . . . the amendment should not be allowed"). Moreover, as explained by Defendants, the timing of the Court's summary judgment ruling and the Magistrate Judge's ruling does not

factor into reconsideration.  Under no set of procedural facts could Plaintiffs' state law claim proceed in this Court.

## CONCLUSION

Therefore, the Court's holding in its previous Entry (Dkt. 118) stands.  Plaintiffs' motion (Dkt. 120) is **DENIED**.

**SO ORDERED**.

Date: 03/01/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Edward F. Harney, Jr.
HUME SMITH GEDDES GREEN & SIMMONS
eharney@humesmith.com

Patricia Orloff Erdmann
OFFICE OF THE INDIANA ATTORNEY GENERAL
Patricia.Erdmann@atg.in.gov

Don R. Hostetler
OFFICE OF THE INDIANA ATTORNEY GENERAL
donald.hostetler@atg.in.gov

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com